IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| NORTH PHOENIX ROAD, LLC, | Civ. No. 1:19-cv-00676-MC |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| IMORTGAGE.COM, INC.; LOANDEPOT, | |
| Defendants. | |

McSHANE, District Judge.

This matter comes before the Court on a Motion to Dismiss filed by Defendants imortgage.com, Inc. and LoanDepot. ECF No. 7. The Motion to Dismiss is GRANTED and the Complaint is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended complaint.

**BACKGROUND**

In April 2011, Defendant imortgage.com, Inc., entered into a lease agreement with the Charles and Dudee Rembert Trust (the "Trust") for the rental of a commercial office building in Medford, Oregon. At some point, Defendant LoanDepot became the successor in interest,

assignee, and tenant along with imortgage.com. At some further point, Plaintiff North Phoenix Road, LLC, "acquired the landlord's interest and thus attorned to the landlord's interest under the lease."

The current term of the lease runs through March 2020. Plaintiff alleges that Defendants have repudiated their obligations under the lease and ceased to pay rent in January 2019. Defendants vacated the leased premises in February 2019, although Plaintiff alleges that Defendants did not leave the premises in the condition required by the lease.

In March 2019, Plaintiff brought this action in Jackson County Circuit Court seeking the value of the rent, plus late fees, and the cost of returning the property to the condition required by the lease, offset by the security deposit held by Plaintiff. In May 2019, Defendants removed this case to federal court and thereafter filed the present motion to dismiss.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction, and generally have jurisdiction as authorized by the Constitution or statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Courts presume that a case "lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citation omitted). Federal Rule of Civil Procedure 12(b)(1) allows for a defendant to challenge subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be either "facial" or "factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack on subject matter jurisdiction, as alleged by Defendants in the present case, the court resolves the motion as it would a motion to dismiss under Rule 12(b)(6). *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014); *Savage v. Glendale Union High Sch.*, 343 F.3d

1036, 1039 n.1 (9th Cir. 2003). In a facial challenge, the Court accepts the factual allegations of the complaint as true and draws all reasonable inferences in the plaintiff's favor, and "the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite*, 749 F.3d at 1121. In pleading his or her claims, however, a plaintiff "must allege facts, not mere legal conclusions." *Id.*; *see also Maya v. Cenetex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011) (distinguishing the standards for considering motions under 12(b)(1) and 12(b)(6), but reaffirming that plaintiffs may not rely on "bare legal conclusion" to assert standing). If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### I. Incorporation by Reference

Although courts are not generally permitted to look beyond the allegations of the complaint when resolving a motion to dismiss, the doctrine of incorporation by reference allows courts to consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleadings. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). This doctrine extends "to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of the document in the complaint." *Id.* Because these documents have essentially been adopted as part of the complaint, the Court may consider them without converting the motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached

to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.").

In the present case, the lease agreement is not attached to Plaintiff's complaint, but clearly forms the basis of Plaintiff's claims against Defendants. The Court concludes that the lease agreement is a proper subject for incorporation by reference. By contrast, Plaintiff has submitted a declaration and supporting exhibits (including a copy of the lease agreement) with their Response. ECF No. 10. Although these materials put good deal of flesh on the bare bones of Plaintiff's Complaint, they are beyond the scope of a facial attack under Rule 12(b)(1) and so may not be considered in addressing the substance of Defendants' motion. As the Court has determined that consideration of the lease agreement is appropriate under the doctrine of incorporation by reference, there is no need to consider Defendants' request in the alternative for judicial notice of the lease agreement. ECF No. 8.

## II. Motion to Dismiss

Defendants assert that Plaintiff is not a party to the lease agreement and therefore lacks standing to maintain a claim for breach of that agreement. A challenge to standing is appropriately raised under Rule 12(b)(1). *Maya*, 658 F.3d at 1067. To satisfy Article III standing, a plaintiff must show that he or she has suffered an "injury in fact" and a "causal connection between the injury and the challenged action of the defendant," as well as a likelihood that the injury will be redressed by a favorable decision. *Multistar Indus., Inc. v. U.S. Dep't of Transp.*, 707 F.3d 1045, 1054 (9th Cir. 2013).

Under Oregon law, "a plaintiff cannot enforce a contract to which she is neither a party nor a third-party beneficiary." *Binder v. Harcourt's Integrity Team Real Estate*, Case No. 6:16-cv-02343-JR, 2017 WL 1393714, at *2 (D. Or. Feb. 15, 2017) (citing *Haynes v. Adair Homes, Inc.*,

to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.").

In the present case, the lease agreement is not attached to Plaintiff's complaint, but clearly forms the basis of Plaintiff's claims against Defendants. The Court concludes that the lease agreement is a proper subject for incorporation by reference. By contrast, Plaintiff has submitted a declaration and supporting exhibits (including a copy of the lease agreement) with their Response. ECF No. 10. Although these materials put good deal of flesh on the bare bones of Plaintiff's Complaint, they are beyond the scope of a facial attack under Rule 12(b)(1) and so may not be considered in addressing the substance of Defendants' motion. As the Court has determined that consideration of the lease agreement is appropriate under the doctrine of incorporation by reference, there is no need to consider Defendants' request in the alternative for judicial notice of the lease agreement. ECF No. 8.

## II. Motion to Dismiss

Defendants assert that Plaintiff is not a party to the lease agreement and therefore lacks standing to maintain a claim for breach of that agreement. A challenge to standing is appropriately raised under Rule 12(b)(1). *Maya*, 658 F.3d at 1067. To satisfy Article III standing, a plaintiff must show that he or she has suffered an "injury in fact" and a "causal connection between the injury and the challenged action of the defendant," as well as a likelihood that the injury will be redressed by a favorable decision. *Multistar Indus., Inc. v. U.S. Dep't of Transp.*, 707 F.3d 1045, 1054 (9th Cir. 2013).

Under Oregon law, "a plaintiff cannot enforce a contract to which she is neither a party nor a third-party beneficiary." *Binder v. Harcourt's Integrity Team Real Estate*, Case No. 6:16-cv-02343-JR, 2017 WL 1393714, at *2 (D. Or. Feb. 15, 2017) (citing *Haynes v. Adair Homes, Inc.*,

227 Or. App. 536, 542 (2009)). Defendants argue that the lease ran between themselves and the Trust and that Plaintiff is neither a party, nor a beneficiary to that agreement. Accordingly, Defendants maintain that Plaintiff lacks standing to enforce the lease agreement.

The Complaint acknowledges that the original lease was entered into by Plaintiff's predecessor in interest, but alleges that, at some point after April 2011, Plaintiff "acquired the landlord's interest and thus attorned to the landlord's interest under the lease." Defendants argue, with some merit, that this allegation constitutes a legal conclusion and is unsupported by factual allegations.

Defendants argue that Section 16.2 of the lease agreement governs attornment. Def. Ex. A, at 14. ECF No. 7. Section 16.2 deals with the rights and obligations flowing between the tenants and a successor landlord following a foreclosure sale. There is no allegation that Plaintiff became the successor in interest to the original landlord via foreclosure sale and so, Defendants argue, no way for Plaintiff to plausibly allege that it attorned to the landlord's interest.

In its Response, Plaintiff agrees that it did not attorn to the landlord's interest via foreclosure sale under Section 16.2, but that it succeeded to the landlord's interest through purchase, which is governed by Section 30. Section 30 provides: "This Lease will bind and inure to the benefit of the parties, their respective heirs, successors, and permitted assigns." Def. Ex. A, at 17. Plaintiff argues that, as successor by purchase to the interest held by the Trust, it became a party to the lease agreement and thus entitled to enforce its terms under Oregon law. Defendants are correct, however, that Plaintiff has neglected to plead sufficient facts to establish that it is a successor to the Trust's interest in the lease. Accordingly, Defendants' Motion to Dismiss is GRANTED.

Rule 15 provides that courts should "freely" give leave to amend a deficient complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). In the present case, Plaintiff has submitted a declaration and exhibits which, although beyond the scope of what may be considered in ruling on a facial challenge under Rule 12(b)(1), would suffice to establish Plaintiff's standing and this Court's jurisdiction if they were incorporated into the allegations of an amended complaint. Accordingly, dismissal shall be with leave to amend and Plaintiff shall have thirty days in which to file an amended complaint.

## CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss is GRANTED and this the Complaint is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended complaint.

It is so ORDERED and DATED this 28th day of June, 2019.

s/Michael J. McShane
MICHAEL McSHANE
United States District Judge
