IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| NORTH PHOENIX ROAD, LLC, | Civ. No. 1:19-cv-00676-MC |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| IMORTGAGE.COM, INC.; LOANDEPOT.COM, LLC, | |
| Defendants. | |

McSHANE, District Judge.

This matter comes before the Court on a Motion to Dismiss, or in the alternative to Compel Arbitration filed by Defendants imortgage.com, Inc. and loanDepot.com, LLC, ECF No. 19, and a Motion for Leave to File Amended Complaint filed by Plaintiff North Phoenix Road LLC, ECF No. 21. The Motion for Leave to File an Amended Complaint is DENIED as the proposed amendment is futile. The Court GRANTS Defendants' alternative Motion to Compel Arbitration and STAYS this case pending arbitration.

# BACKGROUND

## I. Factual and Procedural Background

In April 2011, Defendant imortgage.com, Inc., entered into a lease agreement (the "Lease") with the Charles and Dudee Rembert Trust (the "Trust") for the rental of a commercial office building in Medford, Oregon. The assets of imortgage.com, Inc. were sold to Defendant loanDepot.com, LLC in August 2013 and the First Amended Complaint ("FAC"), ECF No. 14, alleges that loanDepot.com is the successor in interest to imortgage.com and the assignee and tenant to the office building along with imortgage.com. On March 12, 2015, Plaintiff North Phoenix Road, LLC purchased the lease premises and, the FAC alleges, "became the successor landlord under the Lease."

On November 16, 2016, Defendants sent a letter to Plaintiff renewing the Lease for a three-year term ending on March 31, 2020. Plaintiff accepted the renewal. Plaintiff alleges that Defendants "repudiated their obligations under the Lease" and ceased to pay rent in January 2019. Defendants vacated the leased premises on February 22, 2019, although Plaintiff alleges that Defendants did not leave the premises in the condition required by the Lease.

Plaintiff seeks to recover a monthly rent of $9,086.82 running from January 2019 through March 2020, plus anticipated late fees and the cost of restoring the lease premises.

In March 2019, Plaintiff brought this action in Jackson County Circuit Court. In May 2019, Defendants removed this case to federal court. The FAC was filed in July 2019 after the Court granted Defendants' previous motion to dismiss.

## II. The Arbitration Clause of the Lease

Section 14.5 of the Lease, captioned "Dispute Resolution," provides that: "Any dispute between the parties relating to the interpretation of their rights and obligations under this Lease

will be resolved solely by mediation and arbitration in accordance with the provisions of this Section 14.5." FAC, Ex 1, at 12. The Lease provides that arbitration will be conducted according to the Arbitration Rules of the Arbitration Service of Portland, Inc. and that arbitration will take place in the city or county where the property is located. *Id.* at 13. The arbitrator is to be selected by mutual agreement of the parties or, if no agreement can be reached, the arbitrator will be appointed by the presiding judge of the local Oregon circuit court. *Id.* With respect to timing, Section 14.5.3.1 provides: "Any demand for arbitration must be made in writing and must be made within ninety (90) days after the claim, dispute, or other matter in question has arisen." *Id.*

## LEGAL STANDARD

To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

## DISCUSSION

### I.  Arbitrability and the Motion to Dismiss

Plaintiff's claim in this case arises from an alleged breach of the Lease. The Lease provides for mediation and arbitration as the exclusive remedies for non-eviction disputes and imposes limitations on the time for pursuing those remedies. Defendants move to dismiss on the

basis that Plaintiff failed to timely follow the necessary procedures and is now time-barred from seeking arbitration.  In the alternative, Defendants move to compel arbitration and stay this case pending arbitration.  Plaintiff opposes dismissal and argues that Defendants have waived arbitration by litigating this case in federal court.

There are two categories of "gateway issues" in disputes concerning arbitrability, "each of which has a different presumption as to whether a court or an arbitrator should decide." *Martin v. Yasuda*, 829 F.3d 1118, 1122 (9th Cir. 2016).  The first category of gateway issues are "questions of arbitrability," meaning "'whether the parties have submitted a particular dispute to arbitration,'" and includes issues "such as 'whether the parties are bound by a given arbitration clause' or whether 'an arbitration clause in a concededly binding contract applies to a particular type of controversy.'"  *Id.* at 1123 (quoting *Howsan v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83-84 (2002).  This first category is for the court to resolve, "'unless the parties clearly and unmistakably provide otherwise.'"  *Id.*  This first category includes the question of "whether a party has waived his right to arbitration by litigation conduct."  *Id.* at 1124.

The second category of gateway issues are "procedural" arbitrability and are "presumptively *not* for the judge, but for an arbitrator, to decide."  *Martin*, 829 F.3d at 1123 (internal quotation marks and citation omitted, emphasis in original).  Questions of procedural arbitrability include timeliness.  *Local Joint Executive Bd. v. Mirage Casino-Hotel, Inc.*, 911 F.3d 588, 596 (9th Cir. 2018) (citing *Howsam*, 537 U.S. at 84-85).

Defendants' Motion to Dismiss and the alternative Motion to Compel Arbitration implicate both categories of gateway arbitration issues.

### A. Questions of Arbitrability

With respect to the first category, questions of arbitrability, neither party appears to dispute that Plaintiff's claim falls within the scope of Section 14.5 of the Lease. Plaintiff affirms that it has waived its right to arbitration under the Lease by filing the original Complaint and asserts that, by failing to move to compel arbitration earlier in this case, Defendants have waived their arbitration rights as well. Although Plaintiff does not frame it as such, this amounts to an argument that Defendants have waived their right to arbitration by their conduct of litigation and, as noted above, such questions are properly resolved by the courts.

"The right to arbitration, like any other contractual right, can be waived." *United States v. Park Place Assocs. Ltd.*. 563 F.3d 907, 921 (9th Cir. 2009). Waiver of a contractual right to arbitration is disfavored, however, and "[a]ny examination of whether the right to compel arbitration has been waived must be conducted in light of the strong federal policy favoring enforcement of arbitration agreements." *Fisher v. A.G. Becker Paribas, Inc.*, 791 F.2d 691, 694 (9th Cir. 1986). Consequently, a party "arguing waiver of arbitration bears a heavy burden of proof." *Id.* (internal quotation marks and citation omitted). A party seeking to prove waiver of a right to arbitration must demonstrate: "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Martin*, 829 F.3d at 1124 (internal quotation marks and citation omitted).

In the present case, there is no suggestion that any party was unaware of the Lease's arbitration clause. The Court therefore turns to the second element. There is no concrete test to determine whether a party has taken steps inconsistent with a right to compel arbitration, but the Ninth Circuit has held that "extended silence and delay in moving for arbitration may indicate a

conscious decision to continue to seek judicial judgment on the merits of [the] arbitrable claims, which would be inconsistent with a right to arbitrate." *Martin*, 829 F.3d at 1125 (internal quotation marks and citation omitted). "We find this element satisfied when a party chooses to delay his right to compel arbitration by actively litigating his case to take advantage of being in federal court." *Id.* In *Martin*, the Ninth Circuit considered the course of the parties' conduct prior to the invocation of a right to compel arbitration in assessing whether a party had acted inconsistently. *Id.* at 1125-26. The conduct considered included filing an answer, engaging in depositions and other discovery, seeking disposition of claims on the merits, and protracted delays in filing a motion to compel arbitration. *Id.*

In the present case, Defendants were served with this action in April 2019 and promptly removed to federal court. Defendants filed a motion to dismiss challenging Plaintiff's standing to maintain the claim, which the Court granted. After Plaintiff filed the FAC, Defendants' promptly filed the instant motion, less than four months after they were served with the original Complaint. In light of the limited litigation that has taken place in this case and the short timeframe, the Court cannot find that Defendants have engaged in conduct inconsistent with the right to compel arbitration.

With respect to the third element, prejudice, Plaintiff has failed to meet its burden. *Defendants'* actions are not the cause of any prejudice suffered by Plaintiff in this case. Plaintiff opted to wait for months after the alleged repudiation of the Lease before filing a civil action for breach of the Lease in Jackson County Circuit Court, rather than follow the mediation and arbitration procedures clearly spelled out in the Lease itself. "To prove prejudice, plaintiffs must show more than 'self-inflicted' wounds that they incurred as a direct result of suing in federal court contrary to the provisions of an arbitration agreement." *Martin*, 829 F.3d at 1126. As

Plaintiff has failed to meet its burden on two of the three elements, the Court concludes that Defendants did not waive the arbitration provision of the Lease.

## B. Procedural Arbitrability

Defendants seek to dismiss Plaintiff's claim because (1) the sole remedies for breach of the Lease agreement are mediation and arbitration and (2) the ninety-day time limit for initiating those procedures under Section 14.5 of the Lease has elapsed. Plaintiff does not appear to dispute that it failed to timely follow the procedures for mediation or arbitration, but instead seeks to remedy that failure by amending the complaint.

Fundamentally, this is a question of timeliness and the resolution of such procedural arbitrability issues are presumptively reserved for the arbitrator. *Local Joint Executive Bd.*, 911 F.3d at 596. The Court cannot, therefore, resolve this case on a motion to dismiss and the question of whether Plaintiff is time-barred from pursuing its claim must be resolved by the appropriate arbitrator.

## II. Motion to Compel Arbitration

As an alternative to dismissal, Defendants seek an order compelling arbitration of the Plaintiff's claim.

The Federal Arbitration Act ("FAA") "provides that any arbitration agreement within its scope shall be valid, irrevocable, and enforceable, and permits a party aggrieved by the alleged . . . refusal of another to arbitrate to petition any federal district court for an order compelling arbitration in the manner provided for in the agreement." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (internal quotation marks and citations omitted); 9 U.S.C. §§ 2, 4. "The FAA requires federal district courts to stay judicial proceedings and compel arbitration of claims covered by a written and enforceable arbitration agreement."

*Nguyen v. Barnes & Noble, Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014) (internal citation omitted); 9 U.S.C. § 3.

"The FAA limits the district court's role to determining whether a valid arbitration agreement exists and whether the agreement encompasses the disputes at issue." *Nguyen*, 763 F.3d at 1175. "Like other contracts, arbitration agreements can be invalidated for fraud, duress, or unconscionability." *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 921 (9th Cir. 2013). In determining whether an arbitration agreement encompasses the dispute at issue, courts must be mindful that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (internal quotation marks and citation omitted). Any doubts as to the scope of an arbitration agreement should be resolved in favor of arbitrability. *Simula v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999).

In the present case, there does not appear to be any dispute that a valid arbitration agreement exists between the parties. Except for the timeliness and waiver issues discussed in the previous section, neither party has advanced any argument to suggest that the arbitration clause is unenforceable. Nor do the parties appear to dispute that Plaintiff's claim falls within the scope of the Lease's arbitration clause. Indeed, as discussed in the following section, Plaintiff seeks to amend the complaint to include a claim for the appointment of an arbitrator.

The Court therefore concludes that a valid arbitration agreement exists and that Plaintiff's claim falls within the scope of that agreement. As previously discussed, the question of timeliness is a matter of procedural arbitrability and must be resolved by the arbitrator. The Court therefore GRANTS Defendants' Motion to Compel Arbitration and this case will be stayed pending resolution of those proceedings.

### III. Motion to Amend

Plaintiff seeks leave to amend the complaint. Plaintiff's proposed second amended complaint acknowledges that the Lease contains an arbitration provision and "petitions the Court for the appointment of an arbitrator to arbitrate the claims and defenses raised by any named Party in connection with any controversy arising out of the lease." ECF No. 21.

Federal Rule of Civil Procedure 15(a) provides a party may amend a pleading after a responsive pleading has been filed only by leave of the court unless the opposing party consents to the amendment. Rule 15(a) also provides that leave to amend "should be freely given when justice so requires." This policy is to be applied with "extreme liberality." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citation omitted). Leave to amend under Rule 15(a) involves consideration of factors including undue delay, bad faith, futility, and prejudice to the defendant. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

A proposed amendment to the complaint "is futile only if no set of facts can be proved under the amendment . . . that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada Cnty.*, 119 F.3d 1385, 1393 (9th Cir. 1997) (internal quotation marks and citation omitted).

Plaintiff contends that the proposed amendment will relate back to the original complaint and cure its failure to submit a written demand for arbitration within the time allowed under the Lease. Rule 15(c)(1)(B) requires that, in order for an amendment to relate back to the date of the original pleasing, the amendment must assert "a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."

Defendant argues that the proposed amendment would be futile. The Court agrees. As discussed in the preceding sections, the Court has granted Defendants' Motion to Compel Arbitration and timeliness is a matter for the arbitrator to resolve. As to futility, Plaintiff does not allege or argue that it made a timely written demand for arbitration, as required by the Lease and this amendment does nothing to cure that defect. The proposed amendment is also inconsistent with the Lease's express procedures for appointing an arbitrator, which require first an attempt to identify a mutually agreeable choice and, if no agreement can be made, recourse to the presiding judge of the local circuit court for appointment of an arbitrator. The Court concludes that the proposed amendment would be futile and so Plaintiff's Motion for Leave to File an Amended Complaint is DENIED.

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Leave to File an Amended Complaint, ECF No. 21, is DENIED. Defendants' Alternative Motion to Compel Arbitration, ECF No. 19, is GRANTED and this case is STAYED pending arbitration. The parties are directed to submit a joint status report on this case ninety (90) days from the date of this Opinion & Order.

It is so ORDERED and DATED this 9th day of December, 2019.

s/Michael J. McShane
MICHAEL McSHANE
United States District Judge